J-S21003-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF: S.S.L.P. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.S.K., NATURAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1846 WDA 2019 |

Appeal from the Decree Entered November 13, 2019
In the Court of Common Pleas of Erie County Orphans' Court at No(s):
63A in Adoption 2019

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF: S.S.L.K. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.S.K., NATURAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1847 WDA 2019 |

Appeal from the Decree Entered November 13, 2019
In the Court of Common Pleas of Erie County Orphans' Court at No(s):
63 in Adoption 2019

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                              FILED APRIL 21, 2020

S.S.K. (Mother) appeals from the trial court's decrees[1] involuntarily

terminating her parental rights to her minor children, S.S.L.P. (born 11/2017)

_____

[1] We note that by filing two separate notices of appeal with one docket number on each notice, Mother has complied with the dictates of Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), which held that "where a single order

and S.S.L.K. (born 5/2015) (collectively, Children).[2]  Counsel has also filed a petition to withdraw on appeal, pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *In re Adoption of V.E.*, 611 A.2d 1267 (Pa. Super. 1992). After careful review, we affirm and grant counsel's petition to withdraw.

Children were adjudicated dependent in October 2018 after Erie County Office of Children and Youth (OCY) received reports that Mother was homeless and unable to meet Children's basic needs, and Children had behavioral issues.  The court also determined that there were aggravating circumstances as Mother had previously had her parental rights to another child terminated. See 42 Pa.C.S. § 6302(5).  Children were placed in the protective custody of OCY; the permanency goal was listed as reunification.  OCY established the following permanency plan for Mother:  regular, random urinalysis testing; a drug and alcohol assessment; remain free from the use of drugs and alcohol, undergo a mental health assessment; maintain safe and stable housing; maintain gainful employment;[3] keep in contact with OCY; participate in a parenting program; and sign releases requested by OCY.  Mother was granted supervised visitation of Children.

_____

resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases." See also Pa.R.A.P. 341(a).

[2] On January 3, 2020, our Court sua sponte consolidated the two appeals and ordered that they be briefed "as if but a single appeal."  Order, 1/3/20.  See Pa.R.A.P. 513 (consolidation of multiple appeals).

[3] At her initial permanency hearing, the court added an additional plan requirement – that Mother provide a copy of a lease to OCY.

At Mother's first two permanency plan hearings, held in December 2018 and June 2019, the court determined that Mother had been not been compliant with her plan. Due to Mother's non-compliance with random urinalysis, she was not permitted to visit with Children. In December 2018, the court changed the permanency goal to adoption.

In July 2019, OCY filed a petition to terminate Mother's parental rights to Children. On November 1, 2019, the court held a termination hearing[4] at which an OCY caseworker, a permanency caseworker, Father and Mother testified. Following the hearing, the court entered decrees terminating Mother's parental rights[5] pursuant to 23 Pa.C.S. §§ 2511(a)(1), (2), (5) and (b) of the Adoption Act.[6]

Mother filed timely notices of appeal.[7] On February 12, 2020, counsel filed a petition for leave to withdraw as counsel pursuant to Anders and V.E.. In V.E., our Court stated:

> Counsel appointed to represent an indigent parent on a first appeal from a decree involuntarily terminating his or her parental rights, may, after a conscientious and thorough review of the record, petition this court for leave to withdraw representation if

---

[4] Deanna Heasley, Esquire, Children's guardian ad litem, represented Children at the termination hearing.

[5] Father's parental rights were also terminated as to Children. He is not a party to this appeal.

[6] 23 Pa.C.S. §§ 2101-2938.

[7] Pursuant to Pa.R.A.P. 1925(c)(4), counsel chose to file an Anders brief in lieu of filing a statement of errors complained of on appeal.

he or she can find no issues of arguable merit on which to base the appeal. Given the less stringent standard of proof required and the quasi-adversarial nature of a termination proceeding in which a parent is not guaranteed the same procedural and evidentiary rights as a criminal defendant, the court holds that appointed counsel seeking to withdraw representation must submit an Anders brief.

In re Adoption of V.E., 611 A.2d at 1275. Moreover, we held that "any motion to withdraw representation, submitted by appointed counsel, must be accompanied by an advocate's brief, and not the amicus curiae brief delineated in [Commonwealth v.]McClendon, [434 A.2d 1185 (Pa. 1981)]. See also In re Adoption of R.I., 312 A.3d 601, 602 (Pa. 1973) ("the logic behind . . . an individual in a criminal case being entitled to representation by counsel at any proceeding that may lead to 'the deprivation of substantial rights'[,] . . . is equally applicable to a case involving an indigent parent faced with the loss of her child.").

In his Anders brief,[8] counsel raises the following issues for our consideration:

> 1. Did the orphans' court commit an abuse of discretion or error of law when it concluded that [OCY] established sufficient grounds for termination under 23 Pa.C.S.[] § 2511[(a)]?
>
> 2. Did the orphans' court commit an abuse of discretion or error of law when it concluded that termination of [Mother's] parental rights was in the Children's best interest under [23 Pa.C.S.[] §] 2511(b)?

Anders Brief, at 7.

_____

[8] OCY and counsel for Children have chosen to not file briefs on appeal.

Before reaching the merits of Mother's appeal, we must first address counsel's petition to withdraw. To withdraw under Anders, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [Anders] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.[9]

Commonwealth v. Cartrette, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citing Commonwealth v. Lilley, 978 A.2d 995, 997 (Pa. Super. 2009)). With respect to the third requirement of Anders, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to [his or her] petition to withdraw a copy of the letter sent to their client advising him or her of their rights." Commonwealth v. Millisock, 873 A.2d 748, 752 (Pa. Super. 2005).

> An Anders brief must also comply with the following requirements:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counse'l's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

_____

[9] Mother has not raised any additional arguments on appeal.

Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009). Finally, this Court must "conduct an independent review of the record to discern if there any additional, non-frivolous issues overlooked by counsel." Commonwealth v. Flowers, 1133 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted).

Instantly, Mother's counsel filed a petition to withdraw, certifying that he reviewed the record and determined that Mother's appeal is frivolous. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Mother, and counsel's assessment of why those issues are wholly frivolous, with citations to relevant legal authority. Counsel has also provided Mother with a copy of the brief and a letter advising her of her right to retain new counsel or raise additional issues pro se. Accordingly, we find that counsel has substantially complied with the requirements of Anders and Santiago, and, thus, may review the issues raised by counsel and also conduct our independent review of the record.

Our standard of review in termination of parental rights cases is well-settled:

> The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

In re T.S.M., 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

At the termination hearing, OCY caseworker Alexis Canfield testified that Mother was uncooperative and non-compliant throughout the dependency proceedings. In the time between the first two permanency review hearings, Mother admitted she had an active drug problem. Despite being referred for a drug and alcohol evaluation, Mother did not complete the screening. Moreover, Mother failed to appear for all but 2 of her 94 urinalysis tests; the two tests she did complete returned a positive result for marijuana (THC).[10] Mother did not dispute that she failed to comply with her plan goals, save for her claim that she completed a parenting class in September 2019, albeit without producing her completion certificate to the court.[11]

Children have not seen Mother since August 2018. Children live with foster parents who are an adoptive resource. Children are thriving in foster care and have bonded with their foster parents. T.S.M., 71 A.3d at 268 ("[C]ommon sense dictates that courts considering termination must also consider whether the children are in a pre-adoptive home and whether they have a bond with their foster parents.") (citation omitted). In addition,

_____

[10] Mother reported using marijuana 5-9 times a day.

[11] Mother did offer an exhibit, a lease agreement dated October 2019, which was admitted at the hearing. However, under section 2511(a), the court shall not consider any efforts by the parent to remedy the conditions which are first initiated subsequent to the giving of notice of the filing of the petition. 23 Pa.C.S. § 2511(b).

Caseworker Canfield testified that termination would be in Children's best interests. See 23 Pa.C.S. § 2511(b) ("[] in terminating the rights of a parent [court] shall give primary consideration to the developmental, physical and emotional needs and welfare of the child.").

After careful review of the record, we find there is ample, competent evidence to support the trial court's factual findings. T.S.M., supra. Moreover, the court's conclusions are not a result of an error of law or an abuse of discretion. Id. Children were initially removed from Mother's care due to Mother's drug and alcohol use, lack of housing, and inability to meet Children's basic needs. At the termination hearing, Caseworker Canfield testified that Mother's substance abuse issues persist, that she has not completed her plan goals of refraining from drug and/or alcohol use, has not submitted to random urinalysis testing, has not had a mental health assessment, and has not signed any releases as requested by OCY. Despite the fact that Mother now seems to want to clean up her act, having obtained housing and employment at the time of the termination hearing, the sobering fact remains that since Children were adjudicated dependent and put in placement Mother has consistently failed to comply with any plan objectives in order to be reunited with Children. Mother's last minute efforts are simply too little too late.[12] See Adoption of C.J.P., 114 A.3d 1046, 1054 (Pa. Super.

_____

[12] See supra n.11 (under section 2511(a)(1), "court shall not consider any efforts by the parent to remedy the conditions which are first initiated subsequent to the giving of notice of the filing of the petition").

2015) ("A child's life simply cannot be put on hold in the hope that the parent will summon the ability to handle the responsibilities of parenting.") (citation omitted). Accordingly, we find that the record supports the trial court's findings that termination was proper pursuant to section 2511(a)(1) where Mother "has evidenced a settled purpose [for at least six months preceding the filing of the termination petition] of relinquishing [her] parental claim to [Children]." 23 Pa.C.S. § 2511(a)(1).

Moreover, with regard to termination under section 2511(b), both caseworkers testified that terminating Mother's rights are in Children's best interests and that there would be no detrimental effects if Mother's rights were terminated. See N.T. Termination Hearing, 11/1/19, at 37, 44. In fact, OCY Caseworker Canfield testified that a trauma therapist's report indicated it would be detrimental for Children to be returned to their parents or to even see them. Id. at 37-38. Finally, Children have bonded with their foster parents, who are an adoptive resource, and are thriving in their care. Caseworker Canfield testified that S.S.L.K., who suffers from unspecified disruptive impulse control and conduct disorder, thrives in an environment of consistency and discipline – both of which his foster family provides. Id. at 37. Accordingly, we find that the court properly found clear and convincing evidence for termination under section 2511(b). See In re Adoption of R.J.S., 901 A.2d 502, 513 (Pa. Super. 2006) ("The court cannot and will not subordinate indefinitely a child's need for permanence and stability to a parent's claims of progress and hope for the future.").

Finally, our independent examination of the record indicates that there are no other non-frivolous claims that can be raised. V.E., supra. Accordingly, we conclude Mother's appeal is frivolous and grant counsel's motion to withdraw.

Decrees affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2020